IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA ENGLISH, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| GREYHOUND BUS LINES, INC., | : | |
| Defendant | : | No. 10-CV-613 |

MEMORANDUM OPINION

**TIMOTHY R. RICE**                                                                October 19, 2011
**U.S. MAGISTRATE JUDGE**

I.   INTRODUCTION

This case arises from a February 24, 2008 accident involving a Greyhound bus. Greyhound stipulates to its negligence, but the parties disagree on bus passenger Alicia English's damages. English alleges she suffered neck and back injuries. English acknowledges a history of alcohol and illicit drug abuse, and she seeks to exclude such evidence. See Plaintiff's Motion in Limine to Preclude Evidence of Plaintiff's Illicit Drug and Alcohol Abuse at 2-4, English v. Greyhound Bus Lines, Inc., No. 10-613 (E.D. Pa. Aug. 17, 2011) [hereinafter Pl. Motion]. Greyhound claims evidence of English's substance abuse is relevant to her damages and her medical treatment history before and after the accident. Defendant's Memorandum of Law at 3, English v. Greyhound Bus Lines, Inc., No. 10-613 (E.D. Pa. Oct. 7, 2011) [hereinafter Def. Memo. of Law].

Although the high probative value of the substance abuse evidence is not substantially outweighed by the risk of unfair prejudice to English, see Fed. R. Evid. 403, a high risk of unfair prejudice remains. For the reasons that follow, her motion is granted on the condition that

English stipulates: (1) she will not seek damages for the lien from the State of New York for prescription drug payments; and (2) she lacked consistency with her medical care both before and after the accident. This stipulation will diminish the probative value of her substance abuse and tip the Rule 403 balance in her favor. Otherwise, her motion is denied since the probative value and risk of unfair prejudice are equally high.

II.   FACTUAL HISTORY

English sought treatment for neck pain in January of 2006, two years before the bus accident. Def. Memo. of Law at Ex. A. Greyhound contends English was unable to undergo breast reduction surgery, which had been recommended to help alleviate her neck pain, because she could not first attain the required one year of sobriety. Id. at 5-6.

After the bus accident, English was instructed to attend physical therapy sessions three times per week. Id. at 2. She attended only nine sessions over three months. Id. At her deposition, English testified she missed several physical therapy appointments because her drug and alcohol abuse would cause her to miss her ride. See Pl. Motion at 2-4. She also testified she was hungover during physical therapy, and she was told her alcohol use affected her symptoms. Id.

An orthopedic physician hired by Greyhound has noted English's history of substance abuse. Def. Mem. of Law, Ex. B. at 12. He opined that her "need for narcotic usage has increased rather than diminished, even after her [post-accident] cervical spine surgery." Id. Thus, Greyhound contends English's claim for reimbursement of prescription drug expenses is not completely related to the accident. Def. Memo. of Law at 6-7.

III.     DISCUSSION

The Federal Rules of Evidence define "relevant evidence" broadly.  See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 109-10 (3d Cir. 1999) ("Rule 401 does not raise a high standard.").  Evidence of English's illicit drug and alcohol use is relevant in at least three ways:

First, in a negligence action, a jury can consider whether the plaintiff has failed to mitigate damages.  English's illicit drug and alcohol use is relevant to show her alleged failure to mitigate damages because, according to English's deposition testimony, she missed several physical therapy appointments due to her substance use.  See Pl. Motion at 2-4.  English said that drinking alcohol and using cocaine affected her ability to attend physical therapy because she "would miss [her] ride" and was hungover while she was undergoing physical therapy.  Id. at 2-3.  She also continued to use alcohol despite being warned it was affecting her symptoms.  Id. at 3.

Second, English's drug and alcohol use is relevant to rebut English's claim that the bus crash was the sole cause of her neck injury.  English sought treatment for neck pain in January of 2006, more than two years before the bus accident.  Def. Memo. of Law at Ex. A.  Greyhound alleges English's doctor recommended she have breast reduction surgery to help alleviate her neck pain before the accident, but English was unable to do so because she could not first attain the required one year of sobriety.  Id. at 5-6.  Such evidence is relevant to the questions of causation and the extent of her damages from the accident.

3

Third, English's drug and alcohol abuse is relevant to challenge English's damages for prescription drug expenses. Dr. David R. Pashman, an orthopedic physician hired by Greyhound, noted English had a history of substance abuse and concluded her "need for narcotic usage has increased, rather than diminished, even after her cervical spine surgery." Def.'s Mem. of Law, Ex. B at 12. English's history of substance abuse has some tendency to prove that at least some prescriptions were unnecessary, and English had improperly sought the medication for reasons unrelated to the accident.[1]

Where a party objects to the presentation of evidence under Rule 403, I have broad discretion to perform the necessary balancing test and determine admissibility. See Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008); United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir. 2010). English must show the probative value of evidence regarding her substance abuse is substantially outweighed by impermissible factors, such as the risk of unfair prejudice or jury confusion. Fed. R. Evid. 403. English's history of illegal cocaine use and alcohol abuse may inflame or confuse the jury. Simply put, it could cause the jury to focus on English's character flaws and not on whether her damages are related to the bus accident. The jury may decide English is not entitled to pain and suffering damages, or it may speculate she would use any damage award to abuse drugs. This, of course, would be impermissible reasoning to justify a verdict for Greyhound.

---

[1] Evidence of English's alcohol and drug abuse to challenge her credibility is excluded, however, unless it becomes necessary to impeach English's testimony with regard to her ability to recall events. Such evidence has low probative value on the issue of truthfulness and would constitute an impermissible attack on her character. See Fed. R. Evid. 404(a). Moreover, the risk of unfair prejudice substantially outweighs any marginal probative value. See Fed. R. Evid. 403.

The risk of unfair prejudice, however, can be eliminated if English stipulates she will not seek damages for the lien from the State of New York for prescription drug payments, and that she lacked consistency with her medical care both before and after the accident. Her stipulation would diminish the relevance of her drug and alcohol abuse. Cf. Old Chief v. United States, 519 U.S. 172, 191-92 (1997) (recognizing that a party's right to prove its case without stipulations that diminish its "full evidentiary force" must be balanced with the need to minimize unfair prejudice under Rule 403). Her stipulation will preclude English from gaining an unfair advantage by eliminating probative evidence of one possible explanation for the extent of her injuries and her treatment history. Thus, the jury will not be misled by the absence of Greyhound's highly probative evidence of substance abuse on several contested issues. It also will prevent the jury from being improperly influenced by inflammatory evidence of substance abuse.

Such a conditional ruling is justified by Rule 102, which states the "rules shall be construed to secure fairness," and to ensure "the truth may be ascertained and proceedings justly determined." Fed. R. Evid. 102. "Rule 403, read in light of Rule 102, contemplates a flexible scheme of discretional judgment by trial courts designed to minimize the evidentiary costs of protecting parties from unfair prejudice." United States v. Jackson, 405 F. Supp. 938, 945 (E.D.N.Y. 1975).

Absent English's stipulation, however, the risk of unfair prejudice does not substantially outweigh the evidence's high probative value, especially if the jury is properly guided by an instruction carefully limiting its use of the evidence, as contemplated by Rule 105.

An appropriate order follows.